UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.

| | |
|---|---|
| JOHN BARBATI,<br>    Plaintiff,<br><br>V.<br><br>MOUNT AUBURN HOSPITAL,<br>RETIREMENTPLUS RETIREMENT PLAN<br>    FOR EMPLOYEES OF MOUNT<br>    AUBURN HOSPITAL PLAN,<br>DIANE BONO, ADMINISTRATOR<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## PARTIES

1. Plaintiff is John Barbati ("Mr. Barbati") an individual having a usual place of residence at 200 Cove Way, Unit 1012, Quincy, Massachusetts 02169.

2. Defendant Mount Auburn Hospital ("Mt. Auburn") is a Massachusetts hospital corporation having a usual place of business at 330 Mount Auburn Street, Cambridge, Massachusetts 02138.

3. Defendant is a defined contribution plan identified as the RetirementPlus Retirement Plan for Employees of Mount Auburn Hospital Plan (Mt. Auburn Retirement Plan") having a usual place of business at 330 Mount Auburn Street, Cambridge, Massachusetts 02138.

4. Diane Bono is identified on form 5500 filed with the Secretary of Labor as an Administrator ("Administrator") for the Mt. Auburn Retirement Plan having a usual

1

place of business at 330 Mount Auburn Street, Cambridge, Massachusetts.

## JURISDICTION AND VENUE

5. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et. seq.* and is brought pursuant to ERISA §502(a)(2) and (3) to enforce various provisions of ERISA.

6. Jurisdiction is conferred 29 U.S.C. §§1132(e) (1) (f) and 29 U.S.C. §§185(a)-(c).

7. Venue lies in this district pursuant as all Defendants have a place of business in the eastern division of this Judicial District.

## STATEMENT OF THE FACTS

### Mr. Barbati's Employment History With Mount Auburn Hospital

8. The Plan is sponsored by Mount Auburn Hospital and is administered by one or more employees of Mount Auburn Hospital.

9. The Plans is an "employee pension benefit plan" within the meaning of ERISA§ 3(2)(A), 29 U.S.C. § 1002(a)(A), and defined contribution plan within the meaning of ERISA§ 3(34), 29 U.S.C. § 1002(34).

10. All participants and beneficiaries of the Plans are current and former employees of Mount Auburn Hospital or its subsidiaries and affiliates, spouses of current and former employees or other beneficiaries.

11. In general, under the Plans, participants are entitled to receive monthly benefits that begin at the normal retirement date around the participant's 65th birthday.

12. Mr. Barbati is a long term employee of Mount Auburn Hospital.

13. One of the benefits of his employment is a company sponsored 403(b) retirement

2

plan.

14. The Plan's directed record keeper is Fidelity Workplace Services LLC and the investment vendor was a division or subsidiary of Fidelity Management Services LLC (Fidelity).

15. Mr. Barbati was informed by his employer on December 2, 2021, that Mount Auburn Hospital's plan was changing and certain funds would no longer be available.

16. Mr. Barbati was informed that employees needed to make a new fund selection between November 30 and December 30, 2021, or the account would default to a Fidelity fund with a retirement Target date nearest to the employee's 65th birthday.

17. On December 13, 2021, Mr. Barbati logged into Fidelity's website to review the options.

18. Mr. Barbati selected the FID GOVT MMRK PRM.

19. The fund was shown to be available to him and nothing in the Fidelity system showed it was restricted or was not an option. Mr. Barbati placed $191,277.39 into the fund.

20. Nowhere did Fidelity inform Mr. Barbati that FID GOVT MMRK PRM was prohibited as an option after December 30, 2021.

21. There was nothing that indicated FID GOVT MMRK PRM was not going to be part of the employer's plan after December 30, 2021.

22. Without notice, without sending a confirmation and certainly without consent, Fidelity transferred his money out of FID GOVT MMRK PRM and placed his money into a Fidelity Target Date Fund for 2035, on December 30, 2021.

23. Having received no notice of the transfer, on May 9, 2022, Mr. Barbati again logged into his account to make possible changes to his account.

24. Mr. Barbati then discovered that despite having deposited an additional $18,016.30 into

his account through his own and employer contributions, he had lost money.

25. Fidelity had exchanged the account without his direction or consent.

26. Fidelity had never informed him the FID GOVT MMRK PRM fund was not going to be available, nor that it was restricted.

27. Fidelity never informed him it had been sold and another fund purchased with confirmations being sent to him.

28. When Mr. Barbati complained to Fidelity, Fidelity claimed it had warned him and that it had provided confirmations of the transfers.

29. Mr. Barbati avers Fidelity had not.

30. On May 9, 2022, the value of the account was $175,752.73 and the account should have had a value of $209,293.69, together with interest payments on the balance for the preceding five months.

31. Mr. Barbati's direct out of pocket losses amounted to $33,540.96, together with interest of approximately $1,500.00, or a total of approximately $35,040.96.

32. On or about October 11, 2023, Mount Auburn Hospital issued an adverse-benefit determination letter.

33. On December 4, 2023, Mr. Barbati timely appealed the October 11, 2023, adverse-benefit determination.

34. Mr. Barbati had provided detailed information in support of his appeal and demonstrated that Mount Auburn Hospital's and the Plans' representation were incorrect and speculation and no documentary support verified Mount Auburn Hospital's and the Plans' contentions.

35. Mr. Barbati has exhausted all mandatory pre-suit obligations prior to filing suit.

4

## COUNT I

## DECLARATORY AND EQUITABLE RELIEF AGAINST Mount Auburn Hospital AND THE ADMINISTRATOR

## (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

36. Plaintiff restates all prior paragraphs as if set forth herein again.

37. Mount Auburn Hospital is a fiduciary within the meaning of 29 U.S.C. §1002(21)(A) because it is the plan sponsor, statutory administrator, named fiduciary, and has exercised authority or control over management and disposition of assets of the Plan.

38. The Administrator owes fiduciary duties to Mr. Barbati under the Plan.

39. One of the many fiduciary duties owed to ERISA plan participants and beneficiaries is a duty to "convey complete and correct material information to a beneficiary," including a "duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know.. " *Krohn v. Huron Mem. Hosp.*, 173 F.3d 542, 548 (6th Cir. 1999).

40. A fiduciary breaches its duties by materially misleading plan participants, regardless whether the fiduciary's statements or omissions were made negligently or intentionally. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

41. Mount Auburn Hospital asserted in writing that Mr. Barbati received proper and useful information from its agent, Fidelity.

42. At all times material hereto, Mount Auburn Hospital had an obligation to provide accurate information to others regarding information impacting Mr. Barbati's pension rights.

43. Each Defendant has a fiduciary duty pursuant to ERISA Section 404(a)(1), 29 U.S.C.

§1104(a)(1) to refrain from acting in an arbitrary and capricious manner, from conducting the affairs of the Plan for any reason other than solely for the benefit of the participants and in subsection (B), with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

44. Mount Auburn Hospital provided materially inaccurate information to Mr. Barbati and as a result, Mr. Barbati's pension account is $35,040.96 smaller.

45. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to: "(A) enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

46. Mount Auburn Hospital and the Administrator are liable to Mr. Barbati for the diminution of his pension, such amount is recoverable as a matter of equitable remedies under ERISA including surcharge, reformation or other recognized equitable remedies to make Mr. Barbati whole.

## COUNT II

## RECOVERY OF BENEFITS FROM THE PLAN (ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B))

47. Plaintiff restates all prior paragraphs as if set forth herein.

48. Under ERISA Section 502(a)(1)(B) — 29 U.S.C. §1132(a)(1)(B) and (3)—it is provided that a plan participant may bring an action to seek to recover benefits due him under the terms of the Plans to enforce rights under the Plans or to clarify rights to obtain other

appropriate equitable relief to redress such violation or to enforce any provision of ERISA or term of the Plan.

49. The Plan has denied, and continues to deny, accrued benefits to Mr. Barbati of various provisions of ERISA as specified herein.

50. The Plan improperly reduced Mr. Barbati's account and owes him money.

## COUNT III

## (AWARD OF ATTORNEYS' FEES AND COSTS)

## (ERISA, 29 U.S.C. § 1132 (g))

51. Plaintiff restates all prior paragraphs as if set forth herein.

52. Each Defendant has caused Mr. Barbati to incur attorneys' fees and costs, and will cause him to incur additional fees and costs, Mr. Barbati may recover under 29 U.S.C. § 1132 (g), costs, including reasonable attorneys' fees and interest at the Massachusetts statutory rate of 12% simple interest per annum on all back due sums.

WHEREFORE, Plaintiff John Barbati demands relief and judgment, jointly and severally, against the Defendants as follows:

1. In an amount of damages (or if damages not available, then equitable monetary relief) to be determined by this Court, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the Plaintiff and Defendants with respect to past amounts owed to the Plaintiff.

3. Other equitable relief, including, re-calculation, correction and payment of amounts properly owed to his account; disgorgement; an equitable lien; a constructive trust; an injunction against further violations; or other equitable remedies available to make

the Plaintiff whole.

4. Attorneys' fees, costs and interest as permitted under ERISA § 502(g), 29 U.S.C. §1132(g).

5. For such other legal or equitable relief as this Court deems just and proper.

                                                              John Barbati
                                                              By his Attorney,

/s/ John E. Sutherland
John E. Sutherland
BBO#488960
BRICKLEY/SEARS, P.A.
75 Federal Street, Suite 1110
Boston, MA 02110
(617) 542-0896

F:\APPL\CLIENTS\Barbati#5980\Hospital\Compl-2.wpd